# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS ANGEL MALDONADO FLORES, | Civil No. 1:25-CV-02398 |
| Petitioner, | |
| v. | |
| CRAIG LOWE, *et al.*, | Judge Jennifer P. Wilson |
| Respondents. | |

## ORDER

Petitioner, a detainee of the United States Department of Homeland Security, Immigrations and Customs Enforcement ("DHS") housed at Pike County Correctional Facility, filed a 28 U.S.C. § 2241 petition requesting, among other things, that this court enjoin Respondents from removing Petitioner until the Immigration Court has ruled on his motion to reopen and any judicial review thereof has been completed. (Doc. 1.) Presently before the court is a motion for temporary restraining order filed by Petitioner asking the court to enjoin Respondents from removing Petitioner from the jurisdiction of this court pending the adjudication of his petition for writ of habeas corpus. (Doc. 2.) The court will grant the motion for temporary restraining order.

## FACTUAL AND PROCEDURAL BACKGROUND

In summary, Petitioner is a native citizen of Honduras. (Doc. 2-1, p. 2.)[1] He was brought to the United States originally in 2003 when he was four years old. (*Id*.) Petitioner and his mother were granted voluntary departure in 2004, but Petitioner's mother did not comply with the terms of the voluntary departure and a final order of removal was entered. (*Id*.) In 2015, Petitioner applied for and was granted deferred action through the DACA program. (*Id*.) But then, Petitioner's father took him back to Honduras in 2017. (*Id*.) Petitioner returned to the United States in 2021, which he asserts was due to a deterioration in conditions in Honduras and fear for his safety. (*Id*. at 3.) Petitioner made entry without inspection in 2021 and was not encountered by DHS. (*Id*.) Petitioner subsequently began a relationship with Daiana Briyith Diaz Quiroz, with whom he has a child who is a U.S. Citizen. (*Id*.) They are now engaged. (*Id*.) Ms. Diaz Quiroz has an approved special immigrant juvenile status with deferred action, and it is represented that she will be able to apply for Legal Permanent Residence. (*Id*.)

On December 2, 2025, Petitioner was taken into DHS custody and is currently being held by DHS at the Pike County Correctional Facility. (Id. at 4.) On December 8, 2025, Petitioner's counsel submitted a formal request to ICE officials seeking permission for Petitioner to marry Ms. Diaz Quiroz. (*Id*. at 3.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

On December 10, 2025, an ICE official advised Petitioner's counsel that Petitioner is currently pending removal, and there is no guarantee that Petitioner will remain at the Pike County Correctional Facility for the two to three weeks necessary to complete the marriage application process. (Doc. 1-2, p. 2.) Then, on December 11, 2025, Petitioner filed a motion to reopen immigration proceedings presenting multiple arguments in support. (Doc. 2-1, p. 4.) The motion to reopen and a motion for emergency stay of removal remain pending with the Immigration Court. (*Id.*)

On December 12, 2025, Petitioner filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241. (Doc. 1.) And then, on December 13, 2025, he filed an emergency motion for temporary restraining order pursuant to Federal Rule of Civil Procedure 65. (Doc. 2.)

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 allows a district court to enter a temporary restraining order. To obtain this relief, a plaintiff must establish: (1) that they are likely to prevail on the merits of the case; (2) that they would suffer irreparable harm if preliminary injunctive relief were denied; (3) that the harm defendants would suffer from the issuance of an injunction would not outweigh the harm plaintiffs would suffer if an injunction were denied; and (4) that the public interest weighs in favor of granting the injunction. *Hope v. Warden York County*

*Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020); *Holland v. Rosen*, 895 F.3d 272, 285–86 (3d Cir. 2018) (citing *Del. Strong Families v. Att'y Gen. of Del.*, 793 F.3d 304, 308 (3d Cir. 2015)).  The first two factors are "gateway factors": if the plaintiffs have not established those factors, the court need not consider the last two factors.  *Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  If the plaintiffs do establish the first two factors, "[t]he court then determines 'in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.'" *Id.* (quoting *Reilly*, 858 F.3d at 179).

## Discussion

The court preliminarily finds that Petitioner has met the requirements of Federal Rule of Civil Procedure 65.  It appears that there is a likelihood of success on the merits of the petition for writ of habeas corpus in this matter, and there is a clear risk that Petitioner will imminently suffer the irreparable harm of removal if preliminary injunctive relief is denied.  Petitioner has, thus, established the first two factors and the court further finds that all four factors, taken together, balance in favor of granting the requested preliminary relief.  Therefore, in the interest of judicial efficiency and to preserve the status quo, the court will order Respondents

not to remove Petition from the United States or this court's jurisdiction or until further order of this court resolving the pending habeas petition.

## CONCLUSION

Following review of the motion and the petition for writ of habeas corpus, **IT IS ORDERED AS FOLLOWS**:

1) Petitioner's motion for temporary restraining order, Doc. 2, is **GRANTED**.

2) Respondents shall not remove Petitioner from the United States or this court's jurisdiction until further order of this court.

3) Petitioner shall place security in the nominal amount of $1.00 with the court by no later than **Friday, December 19, 2025**.

4) The habeas petition is deemed filed.  (Doc. 1.)

5) The Clerk of Court shall serve a copy of the petition, Doc. 1, and the motion for temporary restraining order and in support, Docs. 2 and 2-1, and this order on Respondents and the United States Attorney's Office for the Middle District of Pennsylvania, Civil Division.  *See* R. Governing § 2254 Cases, R. 1(b), 4.

6) The Clerk of Court shall email a copy of the petition, Doc. 1, and the motion for temporary restraining order and in support, Docs. 2 and 2-1, and this order on the United States Attorney's Office for the Middle

District of Pennsylvania, Civil Division, Attention: Richard D. Euliss, Chief, Civil Division (Richard.D.Euliss@usdoj.gov) and Timothy Judge, Deputy Chief, Civil Division (Timothy.Judge@usdoj.gov), no later than **5:00 p.m. on Sunday, December 14, 2025**.

7) Respondents shall file a response to the petition, Doc. 1, by **December 22, 2025**.  *See* R. Governing § 2254 Cases, R. 5(b)–(d).

8) Petitioner may file a reply by **December 29, 2025**.  *See* R. Governing § 2254 Cases, R. 5(e).

9) The court will determine whether a hearing is necessary after the petition is fully briefed.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Date: December 14, 2025